J-S42026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAHEEM SLONE | : | |
| | : | |
| Appellant | : | No. 1158 EDA 2019 |

Appeal from the PCRA Order Entered April 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): Cp-51-CR-0002746-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAHEEM SLONE | : | |
| | : | |
| Appellant | : | No. 1159 EDA 2019 |

Appeal from the PCRA Order Entered April 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0412981-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAHEEM SLONE | : | |
| | : | |
| Appellant | : | No. 1160 EDA 2019 |

Appeal from the PCRA Order Entered April 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1301609-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| :--- | :--- | :--- |
| v. | : | |
| | : | |
| | : | |
| RAHEEM SLONE | : | |
| | : | |
| Appellant | : | No. 1161 EDA 2019 |

Appeal from the PCRA Order Entered April 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006057-2007

BEFORE: PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                              Filed: January 21, 2021

Appellant, Raheem Slone, appeals from the order entered on April 16, 2019 in the Criminal Division of the Court of Common Pleas of Philadelphia County that dismissed, without a hearing, his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court concluded that Appellant's petition was untimely and that he was not eligible for collateral relief since he was no longer serving a sentence for his state convictions. After review, we affirm.

The PCRA accurately summarized the procedural history and facts of this case as follows.

> On October 14, 2004, [Appellant] pled guilty . . . to possession of a controlled substance with intent to deliver ["PWID"] and criminal conspiracy [at docket number CP-51-CR-0412981-2002, hereafter "412981-2002"]. He was sentenced to six to [23] months' incarceration followed by one year or probation[.] On February 6, 2008, [Appellant] pled guilty . . . to another count of [PWID at docket number CP-51-CR-0006057-2007, hereafter "6057-2007"]. He was sentenced to nine to [23] months' followed by two years of probation[.] On April 4, 2008, [Appellant] pled guilty . . . to possession of a firearm prohibited and carrying a

firearm without a license [at docket number CP-51-CR-1301609-2006, hereafter "1301609-2006"]. The court deferred sentencing until June 11, 2008, at which time [Appellant] also pled guilty to [PWID] in a separate matter [at docket number CP-51-CR-0002746-2008, hereafter "2746-2008"]. Appellant [received a sentence of four to 10 years of state incarceration at docket number 1301609-2006 and four to 10 years of state incarceration at docket number 2746-2008, both sentences to run concurrently. Appellant did not pursue direct appeals challenging his guilty pleas or sentences at docket numbers 412981-2002, 6057-2007, 1301609-2006, and 2746-2008].

On January 23, 2009, [Appellant] filed his first *pro se* petition for post-conviction relief [from the judgments imposed at docket numbers 1301609-2006 and 2746-2008], seeking relief due to alleged ineffective assistance of [plea] counsel[. Appellant] claimed [plea] counsel failed to file a direct appeal despite his request to do so. PCRA counsel was appointed and filed an amended petition on January 11, 2010. On March 25, 2011, [the PCRA court] dismissed the petition. [Appellant] did not file an appeal.

[Appellant] was paroled from prison on June 11, 2010, and his parole was set to expire on June 11, 2018[, the date on which the maximum term of his imprisonment at docket numbers 1301609-2006 and 2746-2008 was reached].

On March 24, 2017, [Appellant] pled guilty in the United States District Court for the Eastern District of Pennsylvania to unlawful possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) based upon an incident which occurred on February 13, 2016. [Appellant received a sentence of] 180 months of imprisonment on July 21, 2017.

On July 28, 2017, [Appellant] filed the instant *pro se* PCRA petition [challenging the convictions and/or sentences at docket numbers 412981-2002, 6057-2007, 1301609-2006, and 2746-2008]. PCRA counsel was appointed. Counsel filed an amended petition on October 16, 2017 and a memorandum in support on September 13, 2018. In his petition, [Appellant requested] an evidentiary hearing and relief under the PCRA due to ineffective assistance of counsel. Specifically, [Appellant claimed that [plea counsel] failed to warn or notify him that pleading guilty [at docket numbers 412981-2002, 6057-2007, 1301609-2006, and 2746-2008] could

- 3 -

subject him to the mandatory [15] year [term of] imprisonment under 18 U.S.C.A. § 924(e)[1] if later prosecuted in federal court for [a] violation of 18 U.S.C.A. 922(g)(1) [(making it unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to be in possession of a weapon)]. On March 12, 2019, [the PCRA court] sent [Appellant] a notice pursuant to [Pa.R.Crim.P. 907], indicating that his petition would be dismissed because [Appellant] lacked standing and the petition was untimely. On March 28, 2019, [Appellant] sent a response to the [Rule] 907 notice. On April 16, 2019, after conducting a thorough and independent review of the record, [the PCRA court] dismissed [Appellant's] petition without a hearing as untimely and for lack of standing. [Appellant] appealed the dismissal [of his PCRA petition to this Court.[2]]

PCRA Court Opinion, 9/13/19, at 1-4 (certain footnotes omitted).

Appellant raises two claims on appeal which, in sum, allege that the attorney who represented him in connection with the prosecutions docketed at 412981-2002, 6057-2007, 1301609-2006, and 2746-2008 rendered

---

[1] The relevant provision states as follows:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C.A. § 924(e)(1).

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Nevertheless, the court issued an opinion on September 13, 2019 setting forth the reasons underlying the dismissal of Appellant's petition.

ineffective assistance in counseling him to plead guilty without advising that those convictions would subject him to a mandatory minimum sentence of 15 years' incarceration under the Armed Career Criminal Act, 18 U.SC.C.A. § 924(g), if he were ever charged and convicted in federal court as a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g).  Before we address the substance of those claims, we must consider whether we can assume appellate jurisdiction over this appeal, whether this Court (or any Pennsylvania court) possesses jurisdiction to reach the issues raised in Appellant's untimely petition, and whether Appellant retains standing to obtain collateral relief given that he is no longer serving a sentence imposed under the laws of this Commonwealth.  We conclude that, while we may exercise jurisdiction over this appeal, the PCRA court correctly determined that it lacked jurisdiction over Appellant's collateral claims because Appellant's petition is untimely and, furthermore, that Appellant is ineligible for collateral relief since he is no longer serving a sentence under Pennsylvania law.

On April 22, 2019, Appellant filed a single notice of appeal listing all four trial court docket numbers attached to his underlying criminal convictions. Because Appellant did not file separate notices of appeal and because the order dismissing his petition affected claims arising at multiple trial court dockets, our authority to exercise appellate jurisdiction in this case is governed by our Supreme Court's decision in *Commonwealth v. Walker*,

185 A.3d 969 (Pa. 2018). Hence, before we consider Appellant's claims, we first determine whether this appeal is properly before us.

As this Court previously explained:

Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as of right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)[.]" [*Walker*, 185 A.3d at 976]. The Official Note now reads:

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal[] must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In ***Walker***, our Supreme Court construed the above-language as constituting "a bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Walker***, 185 A.3d at 976-[9]77. Therefore, the ***Walker*** Court held that "the proper practice under Rule 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 977. However, the Court tempered its holding by making it prospective [and applicable only to appeals filed after June 1, 2018], recognizing that "[t]he amendment to the Official Note to Rule 341 was contrary to decades of case law from this Court and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." ***Id.*** Accordingly, the ***Walker*** Court directed that "**in future cases** Rule 341 will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." ***Id.***

*Commonwealth v. Williams*, 206 A.3d 573, 575–576 (Pa. Super. 2019) (emphasis in original).  Because Appellant filed his notice of appeal on April 22, 2019, the rule announced in *Walker* governs.  As stated above, Appellant filed a single notice of appeal listing four docket numbers, rather than four separate notices of appeal at each trial court docket.  As such, Appellant violated our Supreme Court's mandate in *Walker* and this appeal is subject to quashal.

This Court, however, in *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa. Super. 2019), declined to quash an appeal listing two docket numbers because the trial court misinformed Stansbury that he could file a single notice of appeal.  Indeed, we determined that the trial court's failure to advise Stansbury properly regarding his appellate rights amounted to a "breakdown in the court system" and, accordingly, we excused his failure to comply with *Walker*.  *Stansbury*, 219 A.3d at 160.  Notably, this holding in *Stansbury* was recently reaffirmed by an *en banc* panel of this Court.  *See Commonwealth v. Larkin*, 235 A.3d 350, 354 (Pa. Super. 2020) *(en banc)* (holding that, because the trial court's order informed Larkin that he had "[30] days from the date of [the] order to file **an** appeal" a breakdown in the court system occurred which excused non-compliance with *Walker*) (emphasis in original).  Thus, based upon both *Stansbury* and *Larkin*, "we may overlook the requirements of *Walker* where [] a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights."  *Larkin*, 235 A.3d at 354.

Here, our review of the record reveals a scenario which potentially misled Appellant as to the need to file separate notices of appeal. Indeed, the PCRA court's April 16, 2019 dismissal order states that "appeals must be filed within thirty (30) days of the entry of this order[.]" PCRA Court Order, 4/16/19. The court did not specifically advise Appellant of his obligation to file separate notices of appeal at each docket number as required in **Walker**. **See Stansbury**, 219 A.3d at 160. In light of the PCRA court's failure to correctly inform Appellant regarding his appellate rights, we conclude that a breakdown in the court system occurred which permits us to overlook the requirements of **Walker**. As such, we decline to quash the instant appeal.

We turn now to consider whether the PCRA court correctly determined that Appellant's petition was subject to dismissal because it was untimely and, alternatively, because Appellant lacked standing to pursue collateral relief since he was no longer serving a sentence imposed under Pennsylvania law.

Appellate review of an order denying post-conviction relief asks whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. **See Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014). "Where an issue presents a question of law, the appellate court's standard of review is *de novo*, and its scope of review is plenary." **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016).

> The PCRA is the sole means of obtaining collateral relief on issues that are cognizable under the statute, **see** 42 Pa.C.S.[A.] § 9542, and [our Supreme Court has] held on numerous occasions that the PCRA['s] time restrictions are jurisdictional in nature; consequently, Pennsylvania courts may not entertain untimely

PCRA petitions. ***See Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003); ***Commonwealth v. Brown***, 943 A.2d 264, 267 (Pa. 2008). Furthermore, [our Supreme Court has] observed that the statute "confers no authority upon [any court] to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Robinson***, 837 A.2d at 1161, *quoting* ***Commonwealth v. Eller***, 807 A.2d 838, 845 (Pa. 2002). The time restrictions in the existing statutory scheme are reasonable and accord finality to the collateral review process. ***Commonwealth v. Peterkin***, 722 A.2d 638, 642–643 (Pa. 1998).

As noted above, the one-year filing deadline is not absolute. The PCRA contains three narrow exceptions that enable petitioners to assert claims after the deadline has passed. The exception at issue herein, [42 Pa.C.S.A § 9545(b)(1)(ii) and (b)(2)], states in relevant part:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

....

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence;

....

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within sixty days of the date the claim could have been presented.

42 Pa.C.S.[A.] § 9545(b)(1)(ii) and (2).[3]

_____

[3] An amendment to § 9545(b)(2) which took effect on December 24, 2018 did not apply in this case because Appellant filed his petition on July 28, 2017.

*Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (parallel citations omitted).

There is no dispute that the instant petition was filed more than one year from the date Appellant's judgments of sentence became final and, therefore, they are facially untimely. As the PCRA court observed:

> A judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). [Appellant's] judgment of sentence became final on or about November 14, 2004 in [412981-2002], March 6, 2008 in [6057-2007], and July 11, 2008 in [1301609-2006] and [2746-2008], thirty days after each sentence was imposed and when his right to seek review expired. ***See*** Pa.R.Crim.P. 720(A)(3). [Appellant] had one year from the date [his judgments became final] to file a timely petition in each case – namely he had until November 14, 2005 to file a timely PCRA petition in [412981-2002], March 6, 2009 to file a timely PCRA petition in [6057-2007], and July 11, 2009 to file a timely PCRA petition in [1301609-2006] and [2746-2008]. He did not, however, file the instant petition until July 28, 2017, over eight years after the deadline in each of the four cases. Consequently, [Appellant's] petition is facially untimely.

PCRA Court Opinion, 9/13/19, 5-6.

Appellant alleges that he validly invoked an exception to the PCRA's one year time-bar. Specifically, Appellant claims that the characterization of his prior convictions as "serious drug offenses" for purposes of 18 U.S.C.A. § 924(e) constitutes a newly-discovered fact under § 9545(b)(1)(ii). Appellant reasons that since he did not learn of this "fact" until he was sentenced in federal court on July 21, 2017, the discovery allows him to now

pursue a claim that plea counsel was ineffective in failing to identify this possibility during his last plea hearing in June 2008.

> The PCRA court rejected Appellant's contention, stating:

> The timeliness exception set forth at Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts on which he bases his petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Brown**, [111 A.3d 171, 176 (Pa. Super. 2015), *citing* **Commonwealth v. Bennett**, 930 A.2d 1264, 1271 (Pa. 2007)]. Due diligence demands that the petitioner take reasonable steps to protect his own interests. **Id.**[, *citing* **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa. Super. 2001)]. A petitioner must explain why he could not have learned the new fact [or facts] earlier with the exercise of due diligence. [**Bennett**, 930 A.2d at 1271, *citing* **Commonwealth v. Breakiron**, 781 A.2d 94, 98 (Pa. 2001).

> In the case at bar, [Appellant] fails to meet this exception because he could have learned that his earlier Pennsylvania convictions subjected him to sentencing under 18 U.S.C.A. § 924(e) with the exercise of due diligence. Notably, [Appellant's] federal indictment designation form was filed on September 27, 2016, and indicates that [Appellant was] to be charged for [violating 18 U.S.C.A. § 922(g)(1) and sentenced according to 18 U.S.C.A. § 924(e)]. Certainly it is reasonable to expect a defendant to carefully review charges brought against him with his current lawyer. If [Appellant] had exercised due diligence by reviewing the charges brought against him with his lawyer, he would have learned that his Pennsylvania convictions subjected him to sentencing under 18 U.S.C.A. § 924(e) shortly after the indictment form was filed on September 27, 2016, nearly a year before the date he claims to have discovered the information [and filed the instant petition]. Because [Appellant has failed to demonstrate that he could not have learned the information earlier by the exercise of due diligence, his petition fails to meet the exception to the PCRA time-bar and must be dismissed without a hearing as untimely. [**Brown**, 111 A.3d at 176, *citing* **Bennett**, 930 A.2d at 1271].

PCRA Court Opinion, 9/13/19, at 6-7.

We agree with the PCRA court that Appellant failed to employ due diligence in discovering the factual basis of his claim and, relatedly, failed to file his petition in accordance with the then-applicable 60-day requirement of § 9545(b)(2). We further observe that Appellant's effort to invoke the timeliness exception set forth at § 9545(b)(1)(ii) is inconsistent with Pennsylvania law. Our Supreme Court has observed that judicial determinations, in-court rulings, and the publication of judicial opinions ordinarily involve the application of abstract principles to actual events. *See Watts*, 23 A.3d at 986-987. Hence, judicial pronouncements and declarations constitute law, not facts that trigger the timeliness exception found at § 9545(b)(1)(ii). *Id.* Here, a federal court determined that 18 U.S.C.A. § 924(e), which permits enhanced sentencing for offenders with a history of serious drug offenses, applied to Appellant based upon the conduct underlying his prior convictions. The determination by the federal court constitutes "law" and does not qualify as a fact that triggers application of § 9545(b)(1)(ii). Upon reviewing the instant PCRA petition, the PCRA court correctly determined that it lacked jurisdiction to grant relief because the petition was untimely, and no filing exceptions were applicable.

As a final matter, we fully concur in the PCRA court's conclusion that Appellant was ineligible for collateral relief since he was no longer serving a sentence imposed under Pennsylvania law. The PCRA court explained its conclusion as follows:

[Appellant] lacks standing for relief under the PCRA in [the cases docketed at 412981-2002, 6057-2007, 1301609-2006, and 2746-2008]. The statutory requirements for eligibility for post-conviction relief are set forth at 42 Pa.C.S.A. § 9543(a), which states:

> To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence [that the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted]: (i) currently serving a sentence of imprisonment, probation or parole for the crime; (ii) awaiting execution of a sentence of death for the crime; (iii) serving a sentence which must expire before the person may commence serving the disputed sentence; or (iv) has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon DNA evidence obtained under section 9543.1(d) (relating to post-conviction DNA testing).

*See* 42 Pa.C.S.A. § 9543(a)(1)(i)-(iv). [Appellant] does not satisfy [the] eligibility requirement[s]. To be eligible for relief under the PCRA, a [petitioner] must plead and prove by a preponderance of the evidence that he has been convicted of a crime under the laws of this Commonwealth and is [at the time relief is granted] currently serving a sentence of imprisonment, probation, or parole for the crime. *Commonwealth v. Plunkett*, 151 A.3d 1108 (Pa. Super. 2016), *citing* 42 Pa.C.S.A. § 9543(a)(1)(i). To grant relief at a time when a [petitioner] is not currently serving a sentence would be to ignore the language of the statute. *Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997). [Appellant] is not currently serving a sentence of imprisonment, probation, or parole for his convictions [at 412981-2002, 6057-2007, 1301609-2006, and 2746-2008]. He is currently serving a sentence in a federal facility for his violation of 18 U.S.C.A. § 922(g)(1). As such, [Appellant] lacks standing for relief under the PCRA and the [PCRA court's] dismissal of [Appellant's] petition was proper.[4]

_____

[4] Even if Appellant claims to have standing pursuant to 42 Pa.C.S.A. § 9543(a)(iii) because he is currently serving a sentence of imprisonment in a federal facility and his parole term had not expired in 1301609-2006 and 2746-2008 at the time he was charged with the federal crime, he would not

- 13 -

PCRA Court Opinion, 9/13/19, at 7-8 (footnote, appearing in original, cleaned up).

For each of the foregoing reasons, we conclude that the PCRA court correctly concluded that Appellant's petition was untimely and, alternatively, that he was no longer eligible for collateral relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/21

---

be entitled to relief. Appellant commenced serving his sentences at docket numbers 1301609-2006 and 2746-2008 in 2008. He is not awaiting release from the federal facility to commence serving these sentences, as required by the plain language of the statute. Furthermore, Appellant has not alleged a set of facts from which it could be inferred that either his parole or imprisonment for his sentences at 1301609-2006 and 2746-2008 would resume upon the expiration of his federal sentence. In the absence of such essential averments, we are compelled to conclude that Appellant has not met his burden of demonstrating that he remains eligible for relief under the PCRA.